IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN JACKSON              *
    Plaintiff,
  v.                      *    CIVIL ACTION NO. RDB-13-2933

BALTIMORE CITY POLICE DEPT. *
DETECTIVE LAMAIRE BYFIELD
OFFICER GARY GAILING        *
DETECTIVE NICOLE HUNTER
    Defendants.            *
                            *****

## **MEMORANDUM OPINION**

On October 4, 2013, the Court received for filing a self-represented civil rights action under 42 U.S.C. § 1983 submitted by Kevin Jackson ("Jackson"), a pre-trial detainee currently housed at the Baltimore City Detention Center awaiting trial on charges arising out of his May 19, 2012 arrest.[1] Jackson seeks declaratory, injunctive and monetary relief, claiming that he was arrested on false charges of second-degree murder and dangerous weapon with intent to injure in violation of his Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. He complains that police: subjected him to an illegal house search and seizure; failed to turn over probative evidence to the prosecutor; and did not read him his Miranda[2] rights, but instead questioned him about his guilt. (ECF No. 1). Jackson names the Baltimore City Police Department, an officer and two detectives as Defendants. Because he appears indigent, his Motion for Leave to Proceed In Forma Pauperis shall be granted. For reasons to follow, however, the Complaint shall be dismissed without prejudice.

Insofar as Jackson seeks to attack the actions of police related to his pending criminal charges, he is precluded from doing so under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*

---

[1]     The Maryland judiciary case search website shows that Jackson is awaiting trial in *State v. Jackson,* Criminal No. 121001319460 (Circuit Court for Baltimore City).

[2]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

allegations of unconstitutional convictions or imprisonment requires proof that the indictments, convictions or sentences have been dismissed, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck,* 512 U.S. at 486-87. Jackson's claims call into question the validity of his indictment. Judgment in his favor in this case is inextricably connected to his 2012 indictment and there is no evidence that the indictment has been invalidated. Under the rule of *Heck*, his civil rights Complaint may not proceed in this Court at this time. A separate order follows.[3]

Date: <u>October 10, 2013</u>　　　　　　　　　　　　　/s/　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] In light of the dismissal of this case, Jackson's Motion to Appoint Counsel shall be dismissed as moot.