IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN JACKSON, #422788      *
        Plaintiff,
  v.           * CIVIL ACTION NO. RDB-13-2933

BALTIMORE CITY POLICE    *
 DEPARTMENT, *et al.*
       Defendants.  *

           *****

## MEMORANDUM OPINION

### I. Background

At the time he filed this civil rights action under 42 U.S.C. § 1983, Kevin Jackson ("Jackson") was a pre-trial detainee housed at the Baltimore City Detention Center awaiting trial on charges arising out of his May 19, 2012 arrest. Jackson sought declaratory, injunctive and monetary relief, claiming that he was arrested on false charges of attempted second-degree murder and dangerous weapon with intent to injure in violation of his Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. He complained that police: subjected him to an illegal house search and seizure; failed to turn over probative evidence to the prosecutor; did not read him his Miranda[1] rights, but instead questioned him about his guilt; and made false statements in the charging document. ECF No. 1. Jackson named the Baltimore City Police Department, an officer and two detectives as Defendants.

On October 10, 2013, the Complaint was dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Jackson subsequently sought an appeal and the United States Court of Appeals for the Fourth Circuit affirmed, vacated, and remanded the case in part on April 1, 2014.

---

[1]  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

The Fourth Circuit noted that Jackson had been convicted of assault, but that the determination "required a close factual examination of the record related to the underlying conviction." It remanded the case for district court review as to whether Jackson's illegal search and seizure claim was barred by *Heck's* favorable termination rule. On April 7, 2014, the case was reopened and Defendants were directed to respond to that remaining claim.

## II.     Pending Motions

Defendants Byfield, Galling, and Hunter filed a Motion to Dismiss. ECF No. 20. Defendant Baltimore City Police Department (hereinafter referred to as "BCPD") filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, construed as a motion for summary judgment. ECF No. 22. Both Motions remain unopposed as of the within signature date.[2] ECF No. 7. No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2014). For reasons to follow, Defendant BCPD's Motion shall be granted and the Complaint against Officers Byfield, Galling, and Hunter shall be dismissed.

## III.    Standard of Review

### Motion to Dismiss

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the petition. *See Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). The petition need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3, (2007). That showing must consist of more than "a formulaic recitation of the

---

[2]     The record shows that Jackson was served with notice of the dispositive motion filing pursuant to the requirements of *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). ECF No. 23. He sought and was

2

elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."
*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a Complaint as true,
*Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light
most favorable to the Jackson, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783
(4th Cir. 1999) (citing *Mylan Labs.. Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Because
Jackson is self-represented, his submissions are liberally construed. *See Erickson v. Pardus,* 551 U.S.
89, 94 (2007). In evaluating the petition, the court need not accept unsupported legal allegations,
*Revene v. Charles Cnty. Comm'rs.* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal
conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950
(2009), or conclusory factual allegations devoid of any reference to actual events, *United Black
Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d
186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than
the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the
pleader is entitled to relief.' " *Iqbal.* 129 S.Ct. at 1950 (quoting Fed. R .Civ. P. 8(a)(2)). Thus,
"[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task
that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if
the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled
to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). Whether a fact is material
depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

---

granted an extension of time to file a response. No response has been filed.

Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *See Scott v. Harris,* 550 U.S. 372, 378 (2007) (citation omitted); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Baltimore,* 721 F.3d 264, 283 (4th Cir. 2013) (citation omitted). At the same time, the Court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat,* 346 F.3d at 526 (citation and internal quotation marks omitted).

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

## III. Discussion

### Facts

In his Complaint Jackson alleges that "[p]olice went inside the house of 4420 Furely Ave. and illegally searched and took my two cell phones and black shoulder bag that was behind a chair

out of plain sight in a bedroom." ECF No. 1, at 3. Defendants Byfield, Galing and Hunter argue that they are unable to engage in a factual examination of the record related to the search and seizure and underlying conviction because nowhere in the complaint does Jackson set out a date when the alleged tortious conduct occurred nor does Jackson set out allegations regarding the Defendant officers' personal culpability.  ECF No. 20.

The BCPD Motion to Dismiss or for Summary Judgment, construed as a motion for summary judgment, contains the factual record  of the underlying incident in question.  The investigative record shows that BCPD officers did not conduct a  search or seizure of any cell phones or shoulder bags belonging to Jackson as part of the criminal investigation.  Further, it is clear that the evidence was not introduced at trial.  ECF No. 22 at Ex. 1.  The BCPD argues that because Jackson cannot plausibly allege a constitutional violation against the Defendant officers, no vicarious liability claim may rest against the BCPD.  The BCPD further maintains that as there was no seizure of Jackson's property by law enforcement officers, no Fourth Amendment violation has been demonstrated.

## Legal Analysis

## Claim against Officers Byfield, Galing and Hunter

The Fourth Amendment of the United States Constitution states that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

In *United States v. Jacobsen.* 466 U.S. 109 (1984) it was explained that the first Clause of the Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'  A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.  A 'seizure' of property occurs where there is some meaningful interference

with an individual's possessory interests in that property." *Id.* at 113.

The Court has examined the unopposed record and finds that there was no search and seizure of Jackson's cell phones and shoulder bag. Therefore, no Fourth Amendment violation has been established with regard to the individual BCPD officers and the remaining claim raised against them shall be dismissed.[3]

### Claim against BCPD

Title 42 U.S.C. § 1983 authorizes a plaintiff to bring a suit for damages against any individual "whom under color of any statute, ordinance, regulation, custom, or usage, of any State....subjects, or causes to be subjected, any citizen of the United States or other person.....to the deprivation of any rights, privileges, or immunities secured by the Constitution...."   In suing a municipal government and agency under 42 U.S.C. § 1983, Jackson is resting his claim on the theory that BCPD provided deficient training to its officers.  Jackson needs to prove two elements to succeed in this claim.  First, he must establish the existence of a constitutional violation on the part of the police officers. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (Section 1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's County*, 896 F.Supp. 537, 540 (D. Md. 1995); *Marryshow v. Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991).   Second, Jackson must show that any

---

[3]      Defendants Byfield, Galing and Hunter argue that Jackson's complaint does not discuss how they were personally involved in the alleged search and seizure.  This argument is technically true.  The Court, however, in reliance on the uncontroverted record provided by BCPD, finds no underlying Fourth Amendment violation.

constitutional violations were proximately caused by a policy, custom, or practice of the BCPD. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691-694 (1978). Municipal policy arises from written ordinances. regulations. and statements of policy, *id.* at 690; decisions by municipal policymakers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Jackson's § 1983 claim against the BCPD is wholly dependent upon his prevailing on his Fourth Amendment claim against the individual BCPD officers. This Court has concluded that the underlying actions of Officers Byfield, Galing and Hunter did not violate Jackson's Fourth Amendment rights. Therefore, Jackson cannot prove municipal government liability on the part of the BCPD for the actions of the officers. The Complaint against the BCPD shall be dismissed.

## V. Conclusion

For the aforementioned reasons, Defendant BCPD's motion for summary judgment shall be granted and judgment shall be entered in its favor. The Complaint against Defendants Byfield, Galing and Hunter shall be dismissed.

Date:   December **8**, 2014

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE